IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL GRADO,

    Plaintiff,

v.                                                           No. CV 15-0573 LH/CEG

VINCE HORTON,
BLANCA ZARATE, and
GUADALUPE COUNTY CORRECTIONAL FACILITY,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. The individual Defendants have answered the complaint. Also before the Court is Plaintiff's Response for Notice of Removal of Civil Action (Doc. 14-1), attached as an exhibit to Defendant Zarate's Second Supplemental Notice of Filing State Court Pleadings (Doc. 14) and construed herein as a motion to remand (the "motion"). Plaintiff filed the motion in the state court after Defendant Zarate removed the matter, and Defendant updated the docket in this case by filing the second supplemental notice. For reasons set out below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)

(quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

Plaintiff alleges that he was summoned to Defendant Zarate's office, where Zarate then sexually assaulted him. Plaintiff also alleges that Defendant (Warden) Horton knew of prior sexual misconduct reports against Zarate when she worked at an another prison in New Mexico. He contends that Defendant Zarate's actions demonstrated deliberate indifference to Plaintiff's well-being, and Defendant Horton's knowledge and failure to protect Plaintiff demonstrated reckless disregard, thus violating New Mexico tort law and a number of Plaintiff's constitutional protections. The complaint seeks damages.

The caption of the complaint names the Guadalupe County Correctional Facility as a Defendant, although the "Parties" section names only Defendants Horton and Zarate. "[S]tate-operated detention facilities do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be sued under § 1983." *Buchanan v. Oklahoma*, 398 F. App'x 339, 342 (10th Cir. 2010); *see also Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n. 3 (10th Cir. June 21, 2000) ("Dismissal against [a county jail] was also required because a detention facility is not a person or legally created entity capable of being sued."). The Court will dismiss Plaintiff's claims against named Defendant Guadalupe County Correctional Facility.

Plaintiff's motion to remand seeks return of this action to the state court. This request is defeated by Plaintiff's assertion in the complaint that Defendants violated his federal rights. A

defendant may remove such claims to federal court.  *See* 28 U.S.C. § 1441(a); *see also Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).  The Court will deny the motion.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Guadalupe County Correctional Facility are DISMISSED with prejudice, and Defendant Guadalupe County Correctional Facility is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that Plaintiff's Response for Notice of Removal of Civil Action (Doc. 14-1), attached as an exhibit to Defendant Zarate's Second Supplemental Notice of Filing State Court Pleadings (Doc. 14) and construed herein as a motion to remand, is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE