IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

SEP 1 4 2015

MATTHEW J. DYKMAN
CLERK

GABRIEL H. GRADO
        PLAINTIFF,

V.

NO. 1:15-CV-00573 LH/CG

VINCE HORTON, et al.
        DEFENDANTS.

## AMENDED COMPLAINT

COMES NOW, BY AND THROUGH SAID PLAINTIFF, GABRIEL H. GRADO, PRO SE, PURSUANT TO RULES 15(a) AND 19(b) FED. R. CIV. P. REQUESTS LEAVE TO FILE AN AMENDED COMPLAINT ON AUGUST 7, 2015 AND WAS GRANTED BY MAGISTRATE JUDGE CARMEN E. GARZA. PLAINTIFF SUBMITS HIS COMPLAINT AS FOLLOWS:

### I. JURISDICTION

1. THIS IS A CIVIL ACTION AUTHORIZED BY 42 U.S.C. SECTION 1983 TO REDRESS THE DEPRIVATION, UNDER COLOR OF STATE LAW, OF RIGHTS SECURED BY THE CONSTITUTION OF THE UNITED STATES. THE COURT HAS JURISDICTION UNDER 28 U.S.C. SECTION 1331 AND 1343. PLAINTIFF SEEKS RELIEF AGAINST EACH DEFENDANT IN THEIR INDIVIDUAL CAPACITIES WHO ACTED UNDER COLOR OF STATE LAW AND VIOLATED PLAINTIFFS UNITED STATES CONSTITUTIONAL RIGHTS UNDER THE FIRST, FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS.

2. THE UNITED STATES DISTRICT COURT DISTRICT OF NEW MEXICO IS AN APPROPRIATE VENUE UNDER 28 U.S.C. SECTION 1391 BECAUSE SANTA ROSA, NEW MEXICO IS WHERE THE EVENTS GIVING RISE TO THIS CLAIM OCCURRED.

### II. PLAINTIFF

3. PLAINTIFF GABRIEL H. GRADO WAS AT ALL TIMES MENTIONED HERE IN AND HIS ORIGINAL COMPLAINT, A PRISONER AT GEO GROUP, INC. IN SANTA ROSA, NEW MEXICO AS A STATE PRISONER OF THE NEW MEXICO DEPARTMENT OF CORRECTIONS.

HOWEVER, PLAINTIFF NOW RESIDES AT NENMDF IN CLAYTON, NEW MEXICO; 185 DOCTOR MICHAEL JENKINS Rd.; CLAYTON, NEW MEXICO 88415.

## III. DEFENDANTS

4. DEFENDANT VINCE HORTON IS THE WARDEN AT THE GEO GROUP, INC. FACILITY IN SANTA ROSA, NEW MEXICO (GCCF). HE IS LEGALLY RESPONSIBLE FOR THE OPERATIONS OF THE FACILITY, STAFF CONDUCT, AND THE WELFARE OF ALL IN-MATES.

5. DEFENDANT BLANCA ZARATE WAS, AT THE TIMES MENTIONED IN THIS COMPLAINT A CORRECTIONAL TECHNICIAN AT THE GEO GROUP, INC. FACILITY IN SANTA ROSA, NEW MEXICO AND WAS ASSIGNED TO THE DISCIPLINARY HEARING OFFICE AS A TECHNICIAN.

6. DEFENDANT PHIL ARAGON IS CHIEF OF SECURITY AND ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK AS MAJOR AND IS IN CHARGE OF SECURITY OPERA-TIONS AT THE GEO GROUP, INC. FACILITY IN SANTA ROSA, NEW MEXICO.

7. DEFENDANT H. RODGERS IS A CORRECTIONAL OFFICER AT THE GEO GROUP, INC. FACILITY IN SANTA ROSA, NEW MEXICO AND WHO AT ALL TIMES MENTIONED IN THIS COMPLAINT HELD RANK AS CORRECTIONAL OFFICER.

8. DEFENDANT H. RODGERS FULL NAME IS UNKNOWN TO THE PLAINTIFF AND PLAINTIFF RESPECTFULLY REQUEST THAT DEFENDANT VINCE HORTON, WHO IS WARDEN IN SANTA ROSA, NEW MEXICO (GCCF) AND OFFICER H. RODGERS SUPERVISOR, RELEASE THE FULL NAME OF THIS INDIVIDUAL TO THIS COURT AS WELL AS PLAINTIFF.

9. DEFENDANT THE GEO GROUP, INC. WHO IS UNDER CONTRACT WITH THE STATE OF NEW MEXICO DEPARTMENT OF CORRECTIONS, HAS OPERATED THE FACILITY IN SANTA ROSA, NEW MEXICO (GCCF) SINCE EARLY OR MID 2000'S, AND WHO IS MENTIONED AT ALL TIMES MENTIONED IN THIS COMPLAINT HAD STAFFED AT ONE TIME OR STAFFS THE DEFENDANT'S MENTIONED IN THIS COMPLAINT. GEO GROUP, INC. IS LEGALLY RESPONSIBLE FOR THE OPERATIONS, STAFF CONDUCT, AND WELFARE OF ALL INMATES IN IT'S FACILITY IN SANTA ROSA, NEW MEXICO.

10. DEFENDANT GREGG MARCANTEL, SECRETARY OF CORRECTIONS IN THE STATE OF NEW MEXICO DEPARTMENT OF CORRECTIONS (NMCD) WHO IS MENTIONED AT ALL TIMES IN THIS COMPLAINT AND HAS HELD RANK AS SECRETARY FOR NMCD AND IS RESPONSIBLE FOR THE OPERATIONS AND INVESTIGATIONS BY NMCD.

11. EACH DEFENDANT IS BEING SUED IN THEIR INDIVIDUAL CAPACITIES. AT ALL TIMES MENTIONED IN THIS COMPLAINT, AND PLAINTIFF'S ORIGINAL COMPLAINT, EACH ACTED UNDER COLOR OF STATE LAW AND VIOLATED PLAINTIFF'S FIRST, FIFTH, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS AS DEFINED BY THE UNITED STATES CONSTITUTION.

## IV. FACTS

12. AS MENTIONED BY THE PLAINTIFF IN HIS ORIGINAL COMPLAINT, FILED BY DEFENDANT ZARATE THROUGH COUNSEL IN THIS COURT ON JULY 2, 2015; (PLEASE REVIEW PLAINTIFFS ORIGINAL COMPLAINT "FACTS" NO.'S 7-20) DEFENDANT ZARATE VIOLATED STATE LAW STATUTE 30-9-11 NMSA 1978 MAKES IT A SECOND-DEGREE FELONY FOR STAFF MEMBERS THAT WORK IN PRISON FACILITIES, TO HAVE SEX OR SEXUALLY ABUSE A OFFENDER.

13. THERE ARE FEDERAL LAWS AGAINST SEXUAL ASSAULTS INSIDE CORRECTIONAL FACILITIES CALLED THE PRISON RAPE ELIMINATION ACT (PREA) THAT WAS PASSED BY CONGRESS IN 2003 THAT APPLIES TO STAFF-INMATE RELATIONSHIPS.

14. DEFENDANT ZARATE HAD PRIOR KNOWLEDGE OF THE STATE AND FEDERAL LAWS AS WELL AS NMCD POLICY "CODE OF ETHICS" NO. 032701 PAGE 6 ON DUTY CONDUCT [2-CI-5A-2]; AS WELL AS THE GEO GROUP, INC. FACILITY POLICY OF "ZERO TOLERANCE" SEXUAL MISCONDUCT BY STAFF AGAINST OFFENDERS.

15. DEFENDANT ZARATE ACTED WITH DELIBERATE INDIFFERENCE TO PLAINTIFF'S RIGHTS UNDER THE UNITED STATES CONSTITUTION EIGHTH AMENDMENT WHEN SHE CALLED FOR PLAINTIFF FROM HIS ASSIGNED HOUSING UNIT TO REPORT TO HER OFFICE OUT OF VIEW OF WITNESSES AND SURVEILANCE CAMERAS, WITH EVIL-INTENT TO SEXUALLY GRATIFY HERSELF BY KISSING THE PLAINTIFF VERY AGGRESSIVELY AND PUTTING HER HANDS INTO HIS PANTS AND BOXERS GRABBING AND STROKING HIS PENIS SEVERAL TIMES. SEE SCHWENK V. HARTFORD; 204 F.3d 1187 (9th CIR. 2000).

16. DEFENDANT VINCE HORTON, AS STATED IN PLAINTIFF'S ORIGINAL COMPLAINT (PLEASE REVIEW "FACTS" NO.'S 20-22) CARRIED OUT A PRACTICE OF RECKLESSNESS AND DISREGARD TO INDIVIDUAL'S WELL-BEING, HEALTH, AND SECURITY WITHIN THEIR LIVING ENVIRONMENT AT THE GEO GROUP, INC. FACILITY IN SANTA ROSA, NEW MEXICO. VIOLATING NMCD POLICY "CODE OF ETHICS" CD-032200 PAGE 3 PARAGRAPH 6 [2-CI-5A-2].

17. BOTH PREA AND THE GEO GROUP, INC. PROHIBIT, WITHIN THEIR POLICY AND FEDERAL LAW, RETALIATION AGAINST THOSE WHO REPORT A SEXUAL ASSAULT. AS WELL AS PROVIDE A VICTIM ADVOCATE TO HELP A VICTIM (PLAINTIFF) WITH THE INVESTIGATION PROCESS OF A REPORTED SEXUAL ABUSE, PROVIDE A VICTIM WITH MORAL SUPPORT AND REFER VICTIMS WITH OTHER SERVICES SUCH AS MENTAL HEALTH. (PLEASE REVIEW COPY OF PAMPHLET'S PROVIDED TO OFFENDERS UPON THEIR ARRIVAL AT THE GEO GROUP, INC. FACILITY IN SANTA ROSA, NEW MEXICO "EXHIBIT D").

18. PLAINTIFF, IN THIS CASE, MADE HIS COMPLAINT TO THE ONE PERSON WITHIN THE GEO GROUP FACILITY IN SANTA ROSA, NEW MEXICO THAT HE TRUSTED, AS THE GEO GROUP, INC. "SEXUAL ASSAULT AWARENESS PROGRAM" PAMPHLET REQUIRES A VICTIM TO DO SO AT IT'S FACILITIES, AND THAT PERSON WAS FOR THE PLAINTIFF, MENTAL HEALTH PROVIDER, REBECCA CHAVEZ, WHO THEN MADE THE REPORT TO HER SUPERVISOR MENTAL HEALTH DIRECTOR, K. ESQUIBEL.

19. ACCORDING TO FEDERAL LAW, PREA ACT OF 2003, MENTAL HEALTH IS REQUIRED TO MEET AND LOG ANY INFORMATION A VICTIM OF SEXUAL ABUSE MY NEED TO SHARE IN REGARDS TO THE REPORT, ON A WEEKLY BASIS OR AT ANY TIME THE VICTIM MAY FEEL THEY ARE BEING RETALIATED AGAINST BY SOMEONE IN THE GEO GROUP, INC. FACILITY.

20. UPON INFORMATION AND BELIEF, AFTER PLAINTIFF MADE SOME REPORTS, AGAINST SAID DEFENDANT'S IN THIS CASE, OF SOME FORM OF RETALIATION ON FEB. 4, 2015 DEFENDANT HORTON FORBIDDED MENTAL HEALTH PROVIDER, R. CHAVEZ TO CONTINUE SPEAKING WITH PLAINTIFF IN ALL REGARDS, ESPECIALLY THIS MATTER.

21. THIS WOULD MEAN DEFENDANT HORTON VIOLATED FEDERAL LAW, ACCORDING TO PREA ACT 2003, THE GEO GROUP, INC. POLICY ON SEXUAL ABUSE REPORTS AND INVESTIGATIONS WITHIN IT'S FACILITIES, AS WELL AS NMCD POLICY "CODE OF ETHICS" CD-032200 PAGE 3 PARAGRAPH G. [2-CI-SA-2].

22. ON JANUARY 29, 2015 PLAINTIFF BEGAN EXHAUSTING HIS ADMINISTRATIVE REMEDIES BY FILING A INFORMAL COMPLAINT AGAINST DEFENDANT ZARATE. INFORMAL COM-PLAINTS ARE REQUIRED TO BE FILED PRIOR TO A FORMAL GRIEVANCE, ACCORDING TO NMCD POLICY / PROCEDURE CD-150500, IF THE INFORMAL COMPLAINT IS NOT FILED AN OFFENDER CAN NOT FILE HIS GRIEVANCE. IN A CASE WHERE THE INFORMAL COMPLAINT IS FILED AND MARKED AS THE MATTER "RESOLVED" THE OFFENDER'S GRIEVANCE WILL BE DENIED.

23. ON FEBRUARY 3, 2015 PLAINTIFF MET WITH DEFENDANT PHIL ARAGON, CHIEF OF SECURITY AT THE GEO GROUP, INC. FACILITY IN SANTA ROSA, NEW MEXICO, IN REGARDS TO PLAINTIFFS INFORMAL COMPLAINT AGAINST DEFENDANT ZARATE.

24. AT THE TIME PLAINTIFF MET WITH DEFENDANT ARAGON IN THE MORNING OF FEB. 3, 2015, NO OTHER PERSONS OR STAFF WERE IN ARAGON'S OFFICE AT THE TIME HE

CALLED FOR THE PLAINTIFF FROM HIS UNIT TO REPORT TO DEFENDANT ARAGON'S OFFICE.

25. DEFENDANT ARAGON ACTED AS IF HE WERE CONCERNED ABOUT THE PLAINTIFF'S WELL BEING, EXPLAINED THE INVESTIGATION WOULD BE HANDLED BY NMCD AND THAT DEFENDANT ZARATE WAS REASSIGNED TO THE ADMINISTRATION BUILDING WHERE PLAINTIFF AND HER PATHS SHOULD NOT CROSS WHILE THE MATTER OF MY COMPLAINT WAS BEING INVESTIGATED, ALL THE WHILE DEFENDANT ZARATE HAD QUIT ON JANUARY 26, 2015.

26. DEFENDANT ARAGON ADVISED PLAINTIFF THAT HE RECEIVED MY INFORMAL COMPLAINT AND FOR ME TO SIGN THAT HE MET WITH ME AND I WOULD RECEIVE MY COPY.

27. HOWEVER, ONCE PLAINTIFF SIGNED I NOTICED DEFENDANT ARAGON MARKED THE MATTER AS "RESOLVED." WHEN THE PLAINTIFF INFORMED DEFENDANT ARAGON TO CHANGE THE COMPLAINT TO UNRESOLVED OTHER WISE PLAINTIFF WOULD NOT BE ALLOWED TO FILE FOR REDRESS GRIEVANCE, DEFENDANT ARAGON STATED "NOPE."

28. PLAINTIFF THEN ADVISED DEFENDANT ARAGON HE'S VIOLATING PLAINTIFFS FIRST AMENDMENT RIGHT AND DUE PROCESS.

29. DEFENDANT ARAGON REPLIED "HAVE A GOOD DAY, MR. GIRADO."

30. PLAINTIFF THEN ASKED FOR HIS COPY OF THE INFORMAL COMPLAINT AND DEFENDANT ARAGON STATED IT WOULD BE IN THE MAIL.

31. LATER THAT SAME AFTERNOON PLAINTIFF WAS GOING TO MEET WITH MENTAL HEALTH PROVIDER, R. CHAVEZ TO DISCUSS DEFENDANT ARAGON'S MISHANDLING PLAINTIFF'S INFORMAL COMPLAINT. WHILE LEAVING HIS HOUSING UNIT PLAINTIFF WALKED BY DEFENDANT H. RODGERS.

32. DEFENDANT H. RODGERS, WHO'S SISTER IS LIEUTENANT K. RIVERA, WHO WORKS AS THE DISCIPLINARY HEARING OFFICER WHERE DEFENDANT ZARATE WORKED AS A TECH. FOR LT. K. RIVERA; AND WHILE PLAINTIFF WALKED BY DEFENDANT H. RODGERS, SHE MADE A COMMENT AS TO "WHERE'S HE GOING NOW, TO GO SNITCH SOME MORE?"

33. PLAINTIFF THEN TURNED TO DEFENDANT H. RODGERS AND CONFRONTED HER WITH HER COMMENT BY SAYING "WHAT DID YOU SAY? THAT'S TWICE I'VE COME OUT INTO THIS HALLWAY AND YOU'VE MADE SOME KIND OF COMMENT... SAY IT TO MY FACE."

34. DEFENDANT H. RODGERS REPLIED BY SAYING "YEAH, WHATEVER..." AND WALKED AWAY FROM PLAINTIFF CONTINUING WITH "... YOU'LL SEE."

35. PLAINTIFF THEN STATED TO DEFENDANT H. RODGERS AS SHE WALKED AWAY TOWARDS THE MAIN HALLWAY OF THE FACILITY, " GO AHEAD AND GO LIE ABOUT SOME SHIT."

36. DEFENDANT H. RODGERS THEN TURNED AROUND AND STATED TO PLAINTIFF " UNLIKE YOU I DON'T NEED TO LIE ! "

37. PLAINTIFF ASKED DEFENDANT H. RODGERS " WHAT ARE YOU TALKING ABOUT ? WHAT HAVE I LIED ABOUT ? "

38. DURING THIS TIME MENTAL HEALTH PROVIDER, R. CHAVEZ STEPPED OUT OF HER OFFICE, AS WELL AS LIEUTENANT RICO WHO WAS IN THE OFFICE NEXT DOOR TO R. CHAVEZ, BOTH WHICH ARE LOCATED IN HOUSING UNIT TWO WHERE PLAINTIFF WAS HOUSED AT THE TIME.

39. LIEUTENANT RICO ASKED WHAT ALL THE COMMOTION WAS ABOUT AND I EXPLAINED WHAT HAD JUST HAPPEND WITH DEFENDANT H. RODGERS AND THE SITUATION EARLIER THAT MORNING WITH DEFENDANT ARAGON.

40. LIEUTENANT RICO ASKED PLAINTIFF WHERE I WAS HEADED AND M.H. PROVIDER, R. CHAVEZ ADVISED HIM I WAS COMING TO SEE HER AND WE WOULD BE HEADING TO MS. ESQUIBEL'S OFFICE IN HOUSING UNIT ONE.

41. WHILE ENTERING HOUSING ONE PLAINTIFF NOTICED DEFENDANT H. RODGERS IN THE OFFICE OF DEFENDANT ARAGON'S, WHO ACROSS FROM MENTAL HEALTH DIRECTOR K. ESQUIBEL.

42. MEETING WITH K. ESQUIBEL, PLAINTIFF EXPLAINED TO HER WITH R. CHAVEZ PRESENT WHAT HAD HAPPEND WITH DEFENDANT H. RODGERS AND THE MATTER OF MISHANDL-ING MY INFORMAL COMPLAINT BY DEFENDANT ARAGON. ALL WAS DOCUMENTED IN THE DAILY AND WEEKLY LOGS MENTAL HEALTH IS REQUIRED TO KEEP WHILE MEET-ING WITH A VICTIM OF SEXUAL ABUSE, ACCORDING TO THE PREA ACT OF 2003.

43. K. ESQUIBEL ASKED PLAINTIFF IF SHE CAN CALL DEFENDANT ARAGON ABOUT THE IN-FORMAL COMPLAINT. PLAINTIFF AGREED.

44. K. ESQUIBEL CALLED DEFENDANT ARAGON AND PLACED HIM ON SPEAKER PHONE WHERE MYSELF AS WELL AS R. CHAVEZ COULD HEAR AND ASK QUESTIONS IF ANY SHOULD RISE.

45. DEFENDANT ARAGON STATED MY INFORMAL COMPLAINT WAS MARKED AS " RESOLVED " DUE TO THE INVESTIGATION BEING TURNED OVER TO NMCD (NEW MEXICO CORRECTIONS DEPARTMENT).

46. DEFENDANT ARAGON THEN STATED THAT PLAINTIFF FAILED TO REQUEST RELIEF IN HIS COMPLAINT AND HAD PLAINTIFF BEEN REQUESTING " HUNDRED OF THOUSANDS

OF DOLLARS " PLAINTIFF WOULD HAVE REASON TO PROCEED.

47. PLAINTIFF AT WHICH TIME POINTED TOWARDS THE PHONE AND LOOKED AT K. ESQUIBEL AND R. CHAVEZ AND STATED " HE'S WORRIED ABOUT ME SUING THEM."

48. PLAINTIFF THEN STATED TO DEFENDANT ARAGON " THAT'S BULL-SHIT, ARAGON... LOOK AT THE DIFFERENCE BETWEEN THE FORMS OF AN INFORMAL COMPLAINT AND A FORMAL GRIEVANCE. YOU DON'T REQUEST RELIEF UNTIL YOU FILE A FORMAL GRIEVANCE. WHICH I CAN'T DO IF YOU MARK MY INFORMAL COMPLAINT AS RESOLVED."

49. DEFENDANT ARAGON THEN STATED " THIS CONVERSATION IS OVER, MS. ESQUIBEL PICK-UP THE PHONE."

50. K. ESQUIBEL CONCLUDED THE CONVERSATION WITH DEFENDANT ARAGON.

51. PLAINTIFF THEN ADVISED K. ESQUIBEL AND R. CHAVEZ TO DOCUMENT ALL THE EVENTS THAT TOOK PLACE WITH DEFENDANT ARAGON AND DEFENDANT H. RODGERS AS A FORM OF RETALIATION FOR FILING A SEXUAL ABUSE REPORT ON DEFENDANT ZARATE.

52. THE LOG WAS SIGNED AND DATED BY PLAINTIFF, THEN PLACED WITHIN HIS MENTAL HEALTH RECORDS.

53. ON THE EVENING OF FEBRUARY 3, 2015 LIEUTENANT K. RIVERA HAND DE-LIVERED PLAINTIFF'S ORIGINAL COPY OF HIS INFORMAL COMPLAINT AND ASKED PLAINTIFF TO SIGN THE FACILITIES RECORD COPY THAT I RECEIVED THE ORIGINAL.

54. PLAINTIFF NOTICED DEFENDANT H. RODGERS (K. RIVERA'S SISTER) SIGNED HER NAME AS A STAFF WITNESS AS BEING PRESENT TO THE MEETING WITH PLAINTIFF AND DEFENDANT ARAGON. ( PLEASE REVIEW ATTACHED DOCUMENT LABELED AS " EXHIBIT E ")

55. PLAINTIFF'S INFORMAL COMPLAINT IS AN OFFICIAL LEGAL STATE DOCUMENT AND DEFENDANT H. RODGERS COMMITTED FRAUD AGAINST THE PLAINTIFF. A VIOLATION OF A STATE AND FEDERAL LAW.

56. PLAINTIFF THEN SIGNED THE FACILITY'S RECORD COPY OF HIS INFORMAL COM-PLAINT QUOTING " THIS ISSUE IS NOT RESOLVED."

57. PLAINTIFF WROTE A LETTER TO THE GEO GROUP, INC. FACILITY COORDINATOR FOR PREA, ADDRESSING THE FRAUD COMMITTED BY THE DEFENDANTS ARAGON AND H. RODGERS, PERPETRATED AGAINST THE PLAINTIFF OUT OF RETALIATION AND EVIL-INTENT TO ATTEMPT TO DISRUPT PLAINTIFF'S DUE PROCESS FOR

SEEKING DAMAGES AGAINST DEFENDANT ZARATE. A UNITED STATES CONSTITUTIONAL RIGHT PLAINTIFF IS PROTECTED BY IN THE FIRST, FIFTH, AND FOURTEENTH AMENDMENTS.

58. PLAINTIFF ASKED THAT SURVEILANCE CAMERAS BE VIEWED AND COPIED AS WELL PLACED INTO EVIDENCE IN THIS MATTER ( PLEASE REVIEW ATTACHED DOCUMENT LABELED "EXHIBIT F " LETTER TO THE PREA COORDINATOR OF GCCF DATED FEB. 3, 2015 ).

59. PLAINTIFF ON FEBRUARY 4, 2015 ATTEMPTED TO DELIVER HIS LETTER, ADDRESSED TO THE PREA COORDINATOR, TO MENTAL HEALTH PROVIDER, REBECCA CHAVEZ, WHO PLAINTIFF TRUSTED THE MOST TO PLACE COPY OF SAID LETTER IN HIS MENTAL HEALTH FILE AND DELIVER ORIGINAL LETTER BY PERSONAL HAND TO THE PREA COORDINATOR OF THE GEO GROUP, INC. FACILITY IN SANTA ROSA, N.M.

60. MENTAL HEALTH PROVIDER, REBECCA CHAVEZ ADVISED PLAINTIFF SHE WAS GIVEN STRICT ORDERS TO HAVE NO MORE COMMUNICATION OR CONTACT WITH SAID PLAINTIFF IN REGARDS TO THE PREA INVESTIGATION NOR IN ANY OTHER MATTER FOR THE FACT.

61. UPON INFORMATION AND BELIEF, THESE ORDERS GIVEN TO R. CHAVEZ WERE HANDED DOWN BY OR GIVEN DIRECTLY BY DEFENDANT HORTON. WHICH WOULD BE A VIOLATION OF THE GEO GROUP, INC. FACILITY RULES AND REGULATIONS AND POLICY IN REGARDS TO THE SEXUAL AWARENESS PROGRAM ( PLEASE SEE ATTACHED LABELED AG - "EXHIBIT ⊗D" UNDER INTRODUCTION: SAFETY MESSAGE. ) AND STATE AND FEDERAL LAW, THE PREA ACT OF 2003.

62. HOWEVER, R. CHAVEZ AGREED TO GIVE PLAINTIFF'S LETTER TO HER SUPERVISOR, MENTAL HEALTH DIRECTOR, K. ESQUIBEL, ALONG WITH PLAINTIFF'S INSTRUCTIONS.

63. ON THE EARLY MORNING OF FEBRUARY 5, 2015 PLAINTIFF WAS ADVISED BY HOUSING UNIT SERGEANT J. LUCERO THAT PLAINTIFF NEEDED TO REPORT TO LIEUTENANT GALLEGOS' OFFICE IMMEDIATELY.

64. UPON ARRIVAL TO LT. GALLEGOS' OFFICE, LOCATED IN THE MAIN CORRIDOR OF THE FACILITY, WHEN PLAINTIFF ENTERED THE DOOR WAY AND IMMEDIATLY UPON HIS ENTRANCE FOUR (4) UNIDENTIFIED OFFICERS RAN INTO THE OFFICE BEHIND THE PLAINTIFF AMBUSHING HIM.

65. LIEUTENANT GALLEGOS GAVE PLAINTIFF INSTRUCTIONS THAT HE WOULD BE ESCORTED TO INTAKE WHERE THE PLAINTIFF WOULD BE PLACED ON A TRANSPORT TO ANOTHER FACILITY. PLAINTIFF STATED " I ALREADY KNEW." LIEUTENANT GALLEGOS ASKED THE PLAINTIFF HOW HE KNEW OF THE TRANSPORT AND PLAINTIFF STATED "BECAUSE I RECOGNIZED LONG AGO HOW CROOKED THIS PLACE IS." REFERRING TO THE GEO GROUP, INC. FACILITY IN SANTA ROSA, N.M.

66. PLAINTIFF NEVER RECEIVED A CLASSIFICATION HEARING FOR A FACILITY TRANSFER, NOR A 48-HOUR NOTIFICATION AS REQUIRED BY NMCD POLICY FORM CD-080102.9; CLEARLY SHOWING THAT DEFENDANT HORTON'S MANIPULATION OF THE TRANSFER SYSTEM, ACCORDING TO NMCD POLICY, WAS RETALIATORY AND MALICIOUS AGAINST THE PLAINTIFF. VIOLATING THE GEO GROUP, INC. POLICY AND FEDERAL LAW, SEE SIGGERS-EL V. BARLOW. 433 F. SUPP. 2d. 811.

67. UPON INFORMATION AND BELIEF, THE GEO GROUP, INC. (DEFENDANT) WHO IS UNDER CONTRACT WITH THE STATE OF NEW MEXICO DEPARTMENT OF CORRECTIONS, AND OPERATES THE G.C.C.F. FACILITY IN SANTA ROSA, NEW MEXICO AND EMPLOYEES OR HAD AT ONE TIME EMPLOYEED, EACH DEFENDANT NAMED IN THE ABOVE FACTS (i.e., VINCE HORTON, BLANCA ZARATE, PHIL ARAGON, AND H. RODGERS) AND IS RESPONSIBLE FOR EACH DEFENDANT'S / EMPLOYEES CONDUCT, WHILE ON DUTY, TO THE SAFETY OF EACH PRISONER (PLAINTIFF) AND BE TREATED WITH DIGNITY AND FREE OF SEXUAL ABUSE, ASSAULT, OR HARASSMENT, AND RETALIATION, WHILE OFFENDERS ARE INPRISONED AT THEIR FACILITIES.

68. THE GEO GROUP, INC. (DEFENDANT) DID NOT PROPERLY TRAIN THESE EMPLOYEES (DEFENDANT'S NAMED IN THE ABOVE) TO RESPECT THE PLAINTIFF'S CONSTITUTIONAL RIGHTS, SAFETY, OR WELL-BEING ACCORDING TO NMCD POLICY NOR THE GEO GROUP, INC. POLICIES AND THEREFORE SHOULD BE HELD LIABLE FOR EACH DEFENDANT'S MALICIOUS, EVIL-INTENT, FRAUD, HARASSMENT, AND RETALIATORY MISCONDUCT PERPETRATED AGAINST PLAINTIFF, EGREGIOUSLY VIOLATING HIS FIRST, FIFTH, EIGHTH, AND FOURTEENTH AMENDMENT RIGHTS.

69. DEFENDANT, NEW MEXICO CORRECTIONS DEPARTMENT (NMCD), SECRETARY, GREGG MARCANTEL, WHO IS RESPONSIBLE FOR THE EMPLOYEES, STAFF, AND INVESTIGATIONS INTO THE NMCD.

70. ON INFORMATION AND BELIEF, NMCD WAS TO HANDLE THE INVESTIGATION INTO THIS MATTER, ACCORDING TO GRIEVANCE LIEUTENANT, KRYSTAL RIVERA ON FEBRUARY 25, 2015 (PLEASE REVIEW "EXHIBIT A" FILED BY PLAINTIFF ON AUG. 5, 2015 PAGE 4 IN HIS SUPPLEMENTAL COMPLAINT).

71. INVESTIGATION WAS CONDUCTED BY OFFICE OF PROFESSIONAL STANDARDS AGENT JASON A. HUNT, WHO FORWARDED HIS OUTCOME OF THE INVESTIGATION, IN THIS MATTER, TO PREA COORDINATOR, JULIAN SHANE, WHO THEN FORWARDED A COPY OF THE DECISION TO THE PLAINTIFF ON ABOUT OR AROUND JUNE 17, 2015. (PLEASE SEE EXHIBIT B, FILED ON AUG. 5, 2015 PAGES 8-11).

72. THE DECISION BY OPS AGENT, JASON A. HUNT WAS DETERMINED TO BE "INCONCLUSIVE". THAT NO CLEAR EVIDENCE PROVED OR DISPROVED DEFENDANT ZARATE SEXUALLY ASSAULTED PLAINTIFF. HOWEVER, ZARATE WAS NO LONGER WITH THE GEO GROUP, INC. AND HAD NOT BEEN IN CONTACT WITH NEW MEXICO STATE POLICE.

73. ON JUNE 22, 2015 PLAINTIFF APPEALED THE DECISION TO NMCD, SECRETARY OF CORRECTIONS, GREGG MARCANTEL IN WHICH PLAINTIFF HAS YET TO HEAR FROM NMCD SEC. GREGG MARCANTEL (PLEASE SEE "EXHIBIT C" FILED ON AUG. 5, 2015 PAGES 12-15 IN PLAINTIFF'S SUPPLEMENTAL COMPLAINT).

74. PLAINTIFF FEELS OR BELIEVES HIS COMPLAINT IS NOT RECEIVING THE PROPER ATTENTION OR TAKEN SERIOUS AS SHOULD.

75. UPON INFORMATION AND BELIEF, DEFENDANT ZARATE ON JANUARY 26, 2015 WHEN CONFRONTED WITH THE PLAINTIFF'S COMPLAINT TO NEW MEXICO STATE POLICE QUIT HER JOB AT THE GEO GROUP, INC. FACILITY, AS INDICATED AND DISCOVERED BY OPS AGENT, JASON HUNT, "IS NO LONGER EMPLOYEED WITH THE GEO GROUP, INC." AND WAS NEVER "REASSIGNED" AS DEFENDATE ARAGON STATED TO THE PLAINTIFF ON FEB. 3, 2015.

76. THOUGH DEFENDANT ZARATE CLAIMS "SHE NEVER, AT ANYTIME, TOUCHED PLAINTIFF" AS INDICATED IN HER ANSWER TO PLAINTIFFS COMPLAINT FILED JULY 4, 2015 PAGE 6 NO. VII, BY AND THROUGH HER COUNSEL, DEFENDANT ZARATE CONTINUES TO EXERCISE HER 5th AMENDMENT RIGHT AGAINST SELF-INCRIMINATION AND NOT PARTICIPATE OF THE INVESTIGATION, IN THE ALLEGED OFFENSES AGAINST HER, WITH NMCD OR NEW MEXICO STATE POLICE AS OPS AGENT JASON A. HUNT INDICATED IN HIS REPORT.

77. ACCORDING TO NMCD CD POLICY 032201 "CODE OF ETHICS" PAGE 7 PARAGRAPH (C) PERSONEL INVESTIGATIONS; NMCD EMPLOYEES CAN TAKE A POLYGRAPH EXAMINATION IN "ANY" INVESTIGATION CONCERNING THE PROVISIONS OF THE CODE OF ETHICS OR ANY OTHER SUSPECTED MISCONDUCT. YET, OFFICER-DEFENDANT ZARATE, RATHER, HAS NOT ATTEMPTED TO TAKE ADVANTAGE OF THIS RESOURCE AVAILABLE TO CLEAR HERSELF FROM ANY WRONG DOING AS SHE CLAIMS.

78. DEFENDANT NEW MEXICO CORRECTIONS DEPARTMENT AWARE OF THE RESOURCES AVAILABLE TO DEFENDANT ZARATE, TO CLEAR HERSELF AND HAS MADE ZERO ATTEMPT TO DO SO; WOULD RATHER DETERMINE THE INVESTIGATION INTO THE PLAINTIFFS COMPLAINT AS "INCONCLUSIVE", IN HOPES THE ALLEGATION CAN BE SWEPT UNDER A RUG AND PLAINTIFF WILL GO AWAY, IS NOT JUSTICE, BUT A PERVERSION OF JUSTICE.

## V. EXHAUSTION OF REMEDIES

79. PLAINTIFF GRADO HAS EXHAUSTED ALL ADMINISTRATIVE REMEDIES AS PREVIOUSLY FILED IN HIS SUPPLEMENTAL COMPLAINT LABELED AS "EXHIBITS A, B, AND C" ON AUGUST 5, 2015, WITH THIS COURT.

## VI. LEGAL CLAIMS

80. PLAINTIFF REALLEGE AND INCORPORATE BY REFERNCE IN THE FACTS ON PLAINTIFFS ORIGINAL COMPLAINT FILED ON JULY 6, 2015 PARAGRAPHS 7-22 AND THE FACTS IN HIS AMENDED COMPLAINT PARAGRAPHS 1-78.

81. DEFENDANT ZARATE DID VIOLATE PLAINTIFF'S EIGHTH AMENDMENT RIGHT, BY KISSING THE PLAINTIFF VERY AGGRESSIVLY AND GRABBING HIS PENIS STROKING IT SEVERAL TIMES, ACTED UNDER COLOR OF STATE LAW AS DEFINED IN NEW MEXICO STATUTE 30-9-11 NMSA 1978, VIOLATING FEDERAL LAW THE PRISON RAPE ELIMINATION ACT OF 2003. SEE SCHWENK V. HARTFORD; 204 F.3d 1187 (9th CIR. 2000).

82. DEFENDANT HORTON DID VIOLATE THE GEO GROUP, INC. POLICY, NMCD POLICY "CODE OF ETHICS", FEDERAL LAW IN THE PREA ACT OF 2003 WHEN HE PROHIBITED THE GEO GROUP, INC. MENTAL HEALTH STAFF TO NO LONGER GIVE ASSISTANCE TO PLAINTIFF AND RETALIATED AGAINST PLAINTIFF BY TRANSFERING PLAINTIFF FROM THE GEO GROUP, INC. ON FEB. 5, 2015. VIOLATING PLAINTIFFS FIRST, FIFTH, AND FOURTEENTH AMENDMENTS. SEE SIGGERS-EL V. BARLOW, 433 F. SUPP. 2d 811.

83. DEFENDANT ARAGON'S ILLEGAL ACTION, FAILING TO CHANGE PLAINTIFF'S INFORMAL COMPLAINT FROM "UNRESOLVED" DUE TO PLAINTIFF NOT SEEKING RELIEF IN THE "AMOUNT OF HUNDREDS OF THOUSANDS OF DOLLARS", VIA AN ILLEGAL RUSE OF FRAUD BY DEFENDANT A. RODGERS SIGNING HER NAME AS A WITNESS WHEN SHE WAS NEVER BEEN PRESENT. CONSTITUTES A VIOLATION OF PLAINTIFFS RIGHT FOR DUE PROCESS GUARANTEED BY THE FIRST, FIFTH, AND FOURTEENTH AMENDMENTS BY THE UNITED STATES CONSTITUTION. VIOLATING NMCD POLICY, THE GEO GROUP, INC. POLICY AND THE PREA OF 2003, FOR RETALIATION.

84. DEFENDANT THE GEO GROUP, INC. IS LIABLE FOR THE PROPER TRAINING OF IT'S EMPLOYEES, TO FOLLOW PROCEDURE AND PROTOCOL ACCORDING TO STATE AND FEDERAL LAW, AND THE GEO GROUP, INC. POLICY AND FOR EACH OFFENDER'S SAFETY AND TO BE TREATED WITH DIGNITY, FREE FROM SEXUAL ASSAULT, SEXUAL HARASSMENT, AND RETALIATION.

85. DEFENDANT NEW MEXICO CORRECTIONS DEPARTMENT, SEC. OF CORRECTIONS, GREGG MARCANTEL, FAILED TO RESPOND TO PLAINTIFF'S APPEAL BASED ON THE DECISION OF NMCD, OPS AGENT JASON HUNT, AND THE PERVERSION OF JUSTICE PERPETRATED AGAINST THE PLAINTIFF VIOLATING HIS FIFTH, EIGHTH, AND FOURTEENTH AMENDMENTS BY THE UNITED STATES CONSTITUTION

## VII. PRAYER FOR RELIEF

11.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUEST THE COURT ISSUE JUDGEMENT AGAINST THE DEFENDANT (S) AS FOLLOW:

GRANTING PLAINTIFF GRADO, A DECLARATION THAT THE ACTS AND OMISSIONS DESCRIBED HERE IN VIOLATE HIS RIGHTS UNDER THE UNITED STATES CONSTITUTION AND LAWS OF THE STATE OF NEW MEXICO AND OF THE UNITED STATES, AND

GRANTING PLAINTIFF COMPENSATION DAMAGES IN THE AMOUNT OF $5,000 AGAINST DEFENDANT'S ZARATE, HORTON, ARAGON, AND RODGERS EACH, JOINTLY AND SEVERALLY.

PLAINTIFF SEEKS PUNITIVE DAMAGES IN THE AMOUNT OF $10,000 AGAINST DEFENDANT'S ZARATE, HORTON, ARAGON, AND RODGERS EACH, JOINTLY AND SEVERALLY.

PLAINTIFF SEEKS COMPENSATION DAMAGES IN THE AMOUNT OF $10,000 AGAINST DEFENDANT'S THE GEO GROUP, INC. AND NEW MEXICO CORRECTIONS DEPARTMENT EACH, JOINTLY AND SEVERALLY.

PLAINTIFF SEEKS PUNITIVE DAMAGES IN THE AMOUNT OF $10,000 AGAINST DEFENDANT'S THE GEO GROUP INC. AND NMCD SEC. OF CORRECTIONS, GREGG MARCANTEL.

ANY ADDITIONAL RELIEF THIS COURT DEEMS JUST, PROPER, AND EQUITABLE.

DATED: SEPTEMBER 4, 2015

RESPECTFULLY SUBMITTED,

_(signature)_

GABRIEL H. GRADO #56154
PLAINTIFF; PRO SE,
NENMDF
185 DR. MICHAEL JENKINS Rd.
CLAYTON, NEW MEXICO
                        88415

I HERE BY CERTIFY THAT A COPY OF THE FOREGOING WAS SERVED UPON THE FOLLOWING BY USPS ON THIS 4th DAY OF SEPTEMBER, 2015:

APRIL D. WHITE
ATTORNEYS FOR DEFENDANT HORTON
4908 ALAMEDA BLVD. N.E.
ALBUQUERQUE, NM 87113

AND ASK THAT IT BE SENT BY MS. WHITE'S OFFICE VIA EMAIL TO ATTORNEY'S FOR DEFENDANT ZARATE WHICH IS CERTAIN ALL DEFENDANT'S NAMED WILL BE FILING THEIR RESPONSE JOINTLY.





## Sexual Assault Awareness Program

Offender Guide On Prevention and Reporting of Sexual Abuse and Sexual Harassment



**The GEO Group, Inc.®**

The GEO Group, Inc.
One Park Place, Suite 700
621 NW 53rd Street
Boca Raton, Florida 33487

---

## Introduction:

### Safety message

The GEO Group is committed to your safety and the safety of staff. You have the right while in this facility to be treated with dignity and be free from sexual assault, sexual harassment, and retaliation. GEO has zero tolerance regarding sexual assault within its facilities. This means we DO NOT tolerate any level of sexual harassment, misconduct, or assault in this facility.

EVERY effort will be made to prevent sexual assault and misconduct from occurring. EVERY allegation will be investigated, EVERY perpetrator referred for punishment, and EVERY victim offered services.

*In the State of New Mexico we have criminal laws against sexual assault. We also have laws against custodial sexual misconduct. This is when a staff member becomes sexually involved with a offender. Both of these types of offenses are felonies and any allegation shown to be true will be referred to law enforcement for prosecution.*

---

All of these will be offered with your consent at no cost to you, whether you name your abuser or not. If you refuse, you will be required to do so in writing.

We will provide you with the support and assistance of a Victim Advocate during the exam and investigation process upon your request. A Victim Advocate can help you understand the investigation processes, be with you during investigation interviews, provide you with moral support, and refer you to other services. We will do our best to keep the information you report as confidential as we can while conducting our investigation. We expect the same of all offenders involved in the investigation (alleged victims, suspects, and witnesses). We will also ensure you receive a referral to mental health services for follow up treatment and counseling.

*All offenders must sign and date for receipt of this brochure. If you have questions about anything in this manual, please ask any staff member.*

---

## What is sexual assault?

Sexual assault is a crime

Anytime another offender sexually touches you, forces you to touch the sexual parts of their body, or has sex with you without your ok, or forces you to have sex with someone else without your ok, it is sexual assault.

Anytime a staff member sexually touches you or has sex with you it is against the law. Even if you wanted or invited the staff person, the staff person is not allowed to respond. Anytime a staff member makes sexual advances, engages in a relationship with a offender, or prevents anyone from reporting a PREA incident it is against GEO's policy and is not tolerated.

It is also against policy for you or a staff member to make sexual related comments to another person. This is called sexual harassment. It is also against the law for you to sexually touch a staff member or force them to touch you. There are exemptions for touches that may be necessary, such as for medical care and routine searches.

EXHIBIT
D-3





ORIENTATION MANUAL

FEDERAL AND STATE LAW
ZERO TOLERANCE POLICY
KNOW YOUR RIGHTS
PHASES OF SEXUAL ASSAULT
PREVENTION STRATEGIES
REPORTING.

N.M. STATUE
30-9-11



NATIONAL PRISON RAPE
ELIMINATION
ACT OF 2003



This orientation is intended to inform and prepare new intakes on the topic of sexual abuse in correctional facilities. Sexual assaults are a serious security threat in correctional facilities. Sexual abuse increases violence, spreads disease, disrupts family relationships, and promotes extortion and property theft by predators who then act as if they "own" the victim.

## It doesn't have to happen to you.

Know your rights.

Report sexual abuse

Follow these simple steps to avoid sexual abuse

1

## Summary

The sexual abuse of inmates is a violation of both federal and state law, and is prohibited by institutional policy.

You have protection from cruel and unusual punishment through the United States and New Mexico Constitutions.

You have recourse through the courts via the New Mexico Tort Claims Act and through a 42 USC 1983 civil rights claim.

You have a duty to report sexual abuse and will not experience retaliation for doing so.

To report a sexual assault, a victim or witness can:
Write directly to the warden or the facility investigator.
File a grievance.
Disclose the assault to a medical or mental health provider.
Call the Rape Crisis Center of Central New Mexico at 505-266-7711.
Call the facility's sexual assault hotline at 505-841-4275.
Have a family member or friend report it to the facility.

8



## Table of Contents

1.  Law and Institutional Policy.................. 3

2.  Sexual Abuse.................................... 4

2.  Prevention....................................... 5

3.  Phases of Sexual Assault................... 6

4.  Reporting and Investigation................ 7

5.  Summary......................................... 8

## Reporting and Investigation

One of the problems facilities experience in investigating sexual assaults is timeliness; victims do not always report the assault in a timely manner.  If an assault is not reported within 120 hours of the assault, evidence that can substantiate a claim of sexual assault, such as bruising, injury, and DNA, can be lost.

If evidence is lost, it is harder to prove the crime.

To the extent possible, a victim should take four steps to preserve evidence:
1.  Do not shower.
2.  Do not brush your teeth.
3.  Do not wash your clothes.
4.  Do not relieve yourself.

Preserving this evidence provides investigators with the evidence necessary to positively identify the predator and establish the crime.

To report a sexual assault, a victim or witness can:
1.  Write directly to the warden or the facility investigator.
2.  File a grievance
3.  Disclose the assault to a medical or mental health provider.
4.  Call the Rape Crisis Center of Central New Mexico at 505-266-7711.
5.  Call the facility's sexual assault hotline at 505-827-8242.
6.  Have a family member or friend report it to the facility.

*When writing to the warden, investigator, or anyone else, be sure to make a dated copy for your self.*

This facility uses only trained investigators.  The investigator will collect physical evidence, witness testimony, written statements from the victim and from the perpetrator, and video surveillance recordings.  Once the investigation has concluded, you will be informed of the results of the investigation.

Because the federal government collects data on sexual abuse in correctional facilities, the investigation will be reported to the US Department of Justice in Washington DC.

## Phases of Sexual Assault

A sexual assault has five phases you may experience. They are:

1. The pre-assault phase, which includes:
   A. A grooming phase in which the perpetrator overcomes the victim's defenses.
   B. An intuitive sense by the victim that something is wrong.
   C. The acceptance of gifts and favors by the targeted victim.
   D. Not acting on their intuition.

2. The assault phase in which you may experiences:
   A. Shock
   B. Paralysis
   C. Numbness
   D. Detachment
   E. An absence of emotional responsiveness
   F. Reduced awareness of surroundings
   G. Disassociative amnesia

3. The acute crisis phase which includes:
   A. Persistent re-experiencing through:
      1. Intrusive images that may be violent
      2. Intrusive thoughts that may include suicide
      3. Dreams
      4. Flashbacks
      5. Sense of reliving the trauma
      6. Distress when exposed to reminders of the trauma
   B. Self blame
   C. Severe depression
   D. Avoidance.

4. The outward adjustment phase in which the victim:
   A. Desires to be normal again.
   B. Contends that everything is "fine."
   C. Engages in mechanical compliance with rules or the continued sexual abuse.
   D. Post release, attempts to be normal.

5. The resolution phase in which:
   A. The victim may re-experience the acute crisis phase.
   B. Family relationships will be disrupted
   C. There is a re-evaluation of lifestyle and choices
   D. Suppressed rage may surface accompanied by violent behavior
   E. Resolution may be postponed until after release

6

## Law and Institutional Policy

Statute 30-9-11 NMSA 1978 makes it a second-degree felony for a staff member to have sex with an inmate and is punishable with up to 18 years in prison.

Further, there is a federal law against sexual assaults inside correctional facilities called the Prison Rape Elimination Act (PREA) that applies to staff-inmate as well as inmate-inmate sexual relationships.

Sexual activities and sexual abuse between inmates and staff or between inmates are against our institutional policy. Our zero-tolerance policy places a duty on staff and inmates to report sexual abuse. It also commits the facility to taking reports of sexual abuse seriously, and to investigating and punishing sexual abuse. It is also our policy to refer substantiated cases for prosecution.

## Know Your Rights

While in this facility, you are protected under the cruel and unusual punishment clause of the Eighth Amendment from sexual abuse (*Farmer v. Brennan*). If you are sexually assaulted, you may seek redress under statute 41-4-2, (the New Mexico Tort Claims Act). You may also seek redress under a 42 USC 1983 civil rights claim. You may obtain these forms from the facility library.

Victims of sexual abuse may be taken to an outside hospital for a medical forensic examination to collect evidence. You also have the right to refuse the examination. Victims also have access to facility medical and mental health services. Medical forensic examinations by an outside hospital, and facility medical and mental health services are provided without charge.

Both PREA and facility policy prohibit retaliation against those who report sexual assault. Institutional policy requires both staff and inmates who witness or hear a report of sexual abuse to report it. Hiding or suppressing evidence of a crime could constitute tampering with evidence and may result in disciplinary action or prosecution.



3

## Prevention

This facility takes steps to prevent the sexual abuse of inmates.  This includes:

Pre-employment screening of officer applicants

Training facility staff on the law and policy, inmate rights, the dynamics of sexual assault, recognizing the signs of sexual assault, ethics training, and crime scene preservation and evidence collection

The use of video monitoring equipment,

A reporting and investigation system,

Inmate screening and assessment at intake.

In addition to these steps, you can also minimize your risk of being sexually abused by:

Avoiding undue familiarity with staff and other inmates.

Not accepting gifts and favors from other inmates.

Not isolating yourself in places that are difficult for staff to monitor.

Avoiding a "protective pairing" with another inmate.

Not flirting with staff or other inmates.

Respecting other inmates' personal space, privacy and belongings.

Avoid "playing games" that may appear to be friendly banter but in reality may be a form of coercion.

Paying attention to your surroundings and other's behaviors.

Buying only small amounts of commissary.

Avoid bragging about how tough you are, as aggressive inmates may see that as a challenge.

Avoiding gambling:  The debt you have to pay may be sexual favors

Avoid drugs and alcohol:  They may be spiked with a depressant to reduce your ability to resist rape.

5

## Sexual Abuse

The term "sexual abuse" means:

"Subjecting another person to any sexual act or contact by force, persuasion, or enticement, subjecting another person who is incapable of giving consent by reason of their custodial status, physical or mental state to sexual contact or rape or molestation, prostitution or other forms of sexual exploitation".

The term "sexual contact" means:

"Intentionally touching or physical contact in a sexual manner, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, buttocks with or without the consent of the person, or any touching or inappropriate viewing with the intent to arouse, humiliate, harass, degrade or gratify the sexual desire of any person".

The term "sexual harassment" means:

"Sexual advances, sexually offensive language, comments or gestures, influencing, promising, or threatening any inmate's or staff's safety, custody status, privacy, housing privileges, or program status in exchange for personal gain or favors of a sexual nature; creating or encouraging an atmosphere of intimidation, hostility, or offensiveness as perceived by any individual who observes the sexually offensive language or behavior".



4

EXHIBIT
E

RECEIVED
FEB 0 3 2015
BY: *Struello*
02-15-03

Form CD-150501.3
Revised 03/11/14 Page 1

## NEW MEXICO CORRECTIONS DEPARTMENT

## INMATE INFORMAL COMPLAINT

Inmate Name: GABRIEL GRADO                    NMCD#: 56154

Facility: GCCF/RED          HU/Cell #: 2D-211      Date of Incident: JAN. 29, 2015

Name of subject or person to whom the complaint was filed against: OFFICER B. ZARATE

Explain your complaint in detail: ON JAN. 5th, 2015; I WAS SITTING IN MY CELL H2B-210 AND AROUND 3 O'CLOCK IN THE AFTERNOON I HEARD MY NAME CALLED OVER THE INTERCOM FOR ME TO REPORT TO DHO (DISCIPLINARY HEARING OFFICE) PLEASE REVIEW ATTACHED ADDITIONAL PAGE(S) ...

Inmate Signature: *Gabriel H. Grado*          Date: JAN 29, 2015

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

### Unit Manager/Chief of Security/Designee

Date Received: FEB 03, 2015

I, __PHIL ARAGON__ have reviewed the above informal complaint and
     Unit Manager/Chief of Security/Designee

Recommend:          ( ✓ ) Resolution          ( ) Recommend formal grievance

Explain: RMCD HAS ASSIGNED THE INVESTIGATION TO AN NMCO INVESTIGATOR. IN THE EVENT THAT THE INVESTIGATION DOES NOT INVESTIGATE THIS WILL BE RE OPENS AS A FORMAL (GRIEVANCE) ON FEB-16-2015

Staff Member: *Phil Aragon*          Date: FEB 03, 2015

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

Acknowledged by the signatures below, this informal complaint is: ☑ Resolved     ☐ Unresolved

Unit Mgr/Chief of Security/Designee: *Phil Aragon*          Date: FEB 3, 2015
                                      Print / Sign
Staff Witness: *H Rodgers*          Date: 2-3-15
                    Print / Sign
Inmate: GABRIEL H. GRADO    *Gabriel H. Grado*    Date: 2.3.2015
                              Print / Sign

**If this informal complaint could not be resolved, the inmate may pursue a formal grievance within 20 calendar days of the date of incident.**

**At time of resolution-the inmate must be given a copy of the completed copy of the Informal Complaint**

**Inmate must attach this document if the formal grievance is to be submitted.**

Given: 2/3/15
K R wenz

PREA COORDINATOR
G.C.C.F.
P.O. BOX 520
SANTA ROSA, N.M. 88435


EXHIBIT
F

FEBRUARY 3, 2015

RE: PREA INVESTIGATION AGAINST OFFICER B. ZARATE;
    INMOFORMAL COMPLAINT HANDLED BY MAJOR ARAGON

TO WHOM IT MAY CONCERN;

        ON JANUARY 29, 2015 I FILED AN INFORMAL COMPLAINT OF
SEXUAL ASSAULT ON OFFICER, B. ZARATE, IN WHICH TOOK PLACE ON JAN.
5, 2015.

        ON FEBRUARY 3, 2015 MAJOR ARAGON HANDLED THE INFORMAL
COMPLAINT IN A VERY UNPROFESSIONAL MANNER. I WAS ASKED TO REPORT
TO ARAGON'S OFFICE AROUND OR ABOUT THE TIMES OF 9 A.M. AND 11 A.M.
ON THIS SAID DATE (2.3.2015), NO ONE ELSE WAS PRESENT AT THE
TIME I ENTERED AND LEFT MAJOR ARAGON'S OFFICE; PLEASE REVIEW
VIDEO SURVAILANCE.

        I HAD ADVISED MAJOR ARAGON I WOULD LIKE TO PROCEED IN
A FORMAL GRIEVANCE ALTHOUGH HE STATED THE MATTER WAS NOW BEING
HANDLED BY STATE INVESTIGATORS. HE STATED AFTER THE COMPLETION OF
THE STATES INVESTIGATION OR IF THEY FAILED TO INVESTIGATE THE MATTER
BY FEBRUARY 16, 2015 I COULD PROCEED WITH THE FORMAL GRIEVANCE
PROCESS.

        I SIGNED THE INFORMAL COMPLAINT NOT REALIZING THAT
MAJOR ARAGON CHECKED THE MATTER AS "RESOLVED".

        I UNDERSTAND I CAN NOT PROCEED WITH A FORMAL GRIEVANCE
IF THE INFORMAL IS RESOLVED.

        I FEEL THAT THIS IS A FORM OF RETALIATION SO THAT THE
MATTER IN REGARDS TO OFFICER ZARATE CAN BE DISMISSED. I ASKED
MAJOR ARAGON TO CHANGE IT AND HE REFUSSED TO CHANGE IT OR TO
GIVE ME MY COPY PRIOR TO LEAVING HIS OFFICE.

        THERE WAS NO STAFF WITNESS. THE SIGNATURE H. RODGERS
WAS NOT PRESENT AND WAS THE OFFICER ASSIGNED IN H2 THIS DAY
NOT HOUSING ONE WHERE MAJOR ARAGON'S OFFICE IS LOCATED.

        THIS MATTER WAS ALSO BROUGHT TO THE ATTENTION OF THE MENTAL
DEPARTMENT WHO CALLED MAJOR ARAGON ON SPEAKER PHONE AS I ADDRESSED
AND EXPRESSED MY CONCERNS WITH THE INFORMAL COMPLAINT BEING CHECKED
AS "RESOLVED." MAJOR ARAGON STILL INSISTED NOT TO CHANGE HIS DECISION
AS RESOLVED TO UNRESOLVED.

EXHIBIT
F-2

ALL THAT I ASK IS THIS MATTER BE LOOKED INTO AND DOCUMENTED AS A FORM OF RETALIATION. MAJOR ARAGON'S DECISION TO NOT CHANGE THE INFORMAL COMPLAINT FROM RESOLVED TO UNRESOLVED IS KEEPING MYSELF FROM PROCEEDING WITH THE FORMAL GRIEVANCE PROCESS' AGAINST OFFICER B. ZARATE.

THE STAFF WITNESSES SIGNATURE IS PERJURY, NO STAFF BY THE NAME H. RODGERS WAS PRESENT DURING ANY OF THIS IN MAJOR ARAGON'S OFFICE. PLEASE REVIEW VIDEO SURVALIANCE AND MAKE A COPY OF THE RECORDING, DATE FEBRUARY 3, 2015 IN THE HOURS OF 9 AM – 11 A.M., AND PLACE COPY INTO EVIDENCE FOR THIS CASE. A COPY OF THIS LETTER WILL BE SENT TO MY ATTORNEY AND AT HIS REQUEST WILL NEED ALL MATERIAL AND EVIDENCE IN REGARDS TO THIS MATTER.

SHOULD ANY CONCERNS OR QUESTIONS NEED TO BE ADDRESSED OR IF FOR SOME REASON YOU ARE UNABLE TO COMPLETE MY REQUEST FOR THIS INVESTIGATION, PLEASE NOTIFY ME AS SOON AS POSSIBLE.

THANK YOU FOR YOUR TIME AND CONSIDERATION IN HANDLING THIS MATTER.

RESPECTFULLY YOURS,

Gabriel H. Grado

GABRIEL H. GRADO #56154

C.C.  ATTORNEY  JOHN FREDLUND
      PREA COORDINATOR

February 5, 2015


Mr. Grado –


Your PREA case has been assigned to NMCD for investigation. They should be contacting you to obtain your information in regards to this case. As for your informal complaint, it should have been marked referred instead of resolved. You may file a formal grievance at any time with regards to PREA. However, the grievance will be referred to NMCD until the conclusion of the investigation. Once the investigation is concluded, you will receive notification of the outcome.


Thank you


A. Campos, GCCF PREA Coordinator

Hasler
09/11/2015

GABRIEL H. GRADO #56154
NENMDF / 185 Dr. Michael Jenkins Rd.
CLAYTON, NEW MEXICO
88415

RECEIVED
At Albuquerque NM
SEP 1 4 2015
MATTHEW J. DYKMAN
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
333 Lomas N.W., Ste 270
ALBUQUERQUE, NEW MEXICO
87102

**LEGAL MAIL**