**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GABRIEL GRADO,

      Plaintiff,

v.                                     No. CV 15-0573 LH/CEG

VINCE HORTON, et al.,

      Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Defendants Vince Horton, Blanca Zarate, and Guadalupe County Correctional Facility's *Joint Motion to Dismiss and Memorandum of Law in Support* (the "Motion to Dismiss"), filed August 14, 2015, (Doc. 23); Plaintiff's *Amended Complaint* ("Amended Complaint"), filed September 14, 2015, (Doc. 26); and *Defendant Horton's Response in Opposition to Plaintiff's Motion to Waive Summons Served Upon Defendants [doc. 27]*, filed September 17, 2015. (Doc. 30). Defendants argue that all of the claims asserted against them in Plaintiff Gabriel Grado's *Complaint (Tort)* (the "Initial Complaint"), filed April 20, 2015, (Doc. 1, Ex. 1), should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). This matter was referred to this Court by United States District Judge C. LeRoy Hansen to make proposed findings and recommend a disposition. (Doc. 9).

Plaintiff filed the Initial Complaint in the Thirteenth Judicial District Court, County of Valencia, State of New Mexico, and Defendants removed the case to this Court on July 2, 2015. (Doc. 1). On August 5, 2015, Plaintiff requested leave from the Court to amend the Initial Complaint. (Doc. 19). The Court granted Plaintiff's motion to amend, but construed it as a supplement to Plaintiff's Response, (Doc. 15), to Defendant Blanca

Zarate's Answer. (Doc. 22). On August 14, 2015, Defendants filed their Motion to Dismiss the Initial Complaint, setting forth various reasons why Plaintiff had failed to state a claim against them pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff filed the Amended Complaint approximately one month later.

The Court shall construe Plaintiff's Amended Complaint as a request for leave to file an amended pleading, as the Court must construe the filings of a pro se litigant liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Defendant Horton opposes the amendment for the sole reason that Plaintiff failed to seek approval from Defendants or obtain leave from the Court to amend the Initial Complaint as required by Fed. R. Civ. P. 15(a)(2). (Doc. 30). Rule 15(a)(2) advises that courts should "freely give leave" when justice so requires. The Court has reviewed the Amended Complaint in light of the Rules' guidance to freely give leave to litigants seeking amendment of their pleadings. The Court finds that justice so requires that it grant Plaintiff leave to amend the Initial Complaint pursuant to Fed. R. Civ. P. 15(a)(2), and recommends that the Amended Complaint be docketed as such.

The Court next turns to Defendants' Motion to Dismiss. Since the Court finds that Plaintiff's Initial Complaint was superseded by the filing of the Amended Complaint, then it may conclude that Defendants' Motion to Dismiss the Initial Complaint is moot. *Giron v. Abascal*, No. CIV. 06-1044 LH/WDS, 2007 WL 2002564, at *4 (D.N.M. May 29, 2007) (unpublished) (quotation omitted). However, the Court may decline to find that the Motion to Dismiss is moot if Plaintiff's Amended Complaint does not "cure the deficiencies" detailed in Defendant's Motion to Dismiss, and therefore requiring

Defendants to file a new motion would be "a waste of resources." *Id.* at *5.

Here, Defendants move for dismissal of the Initial Complaint primarily on the basis that Plaintiff has failed to set forth any claims against them.[1] Defendants' Motion to Dismiss does not address any of Plaintiff's claims as they have been set forth in the Amended Complaint. The Court has reviewed the Initial Complaint and Amended Complaint and finds that Plaintiff's Amended Complaint fleshes out the facts supporting his purported claims in far greater detail than in the Initial Complaint. For example, while Plaintiff's Initial Complaint consisted of only two pages, the Amended Complaint is 12 pages long and includes attached exhibits.

For those reasons, the Court finds that this is not one of those instances where Plaintiff's Amended Complaint fails to cure the deficiencies alleged in Defendants' Motions to Dismiss, and requiring Defendants to file a new motion to dismiss would result in a waste of resources. Thus, Defendants' Motion to Dismiss should be denied as moot.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's *Amended Complaint*, construed as a motion to amend the Initial Complaint, (Doc. 26), be **GRANTED**.

**IT IS ALSO RECOMMENDED** that *Defendants' Joint Motion to Dismiss and Memorandum of Law in Support*, (Doc. 23), be **DENIED as MOOT**.

---

[1] Defendants also move for dismissal of Guadalupe County Correctional Facility ("GCCF"), named as a defendant in the Initial Complaint, for the reason that GCCF is not a legally-recognized entity that is capable of being sued. (Doc. 23 at 9). However, Judge Parker dismissed GCCF as a party to this lawsuit for that reason in his Memorandum Opinion and Order on August 14, 2015. (Doc. 24).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE